The Illinois, Iowa and Minnesota Railway Company

*v.*

Frederick Borms.

*Opinion filed December 20, 1905.*

Eminent domain—*when proposed building of depot and elevator close to defendant's land is not a special benefit.* The proposed building of a depot and elevator upon land adjoining the defendant's farm through which the railroad is seeking to condemn a right of way is not a special benefit which the petitioner is entitled to have considered by the jury as reducing the defendant's damages, where such proposed action is grounded upon a deed made by a third person, which might be canceled at any time and a re-conveyance made without the defendant's consent.

Appeal from the County Court of Will county; the Hon. Arthur W. Deselm, Judge, presiding.

The appellant, the Illinois, Iowa and Minnesota Railway Company, filed its petition in the county court of Will county to condemn for a right of way .764 of an acre of land across the north-west corner of an eighty-acre tract owned by appellee, Frederick Borms. Appellee filed his cross-petition, in which he alleged that the right of way sought to be condemned would cross the corner of his eighty acres in close proximity to certain buildings on his farm, thus causing danger from fire and injury from dust, cinders, ashes, gases and smoke from its engines, thereby raising his rate of insurance; that his stock yards and his places for stacking and thrashing grain were located near this corner; that the entrance to his yard would be a trifle over one hundred feet from the highway; that the building and operation of the road would necessitate the removal of certain buildings, all of which would damage his property in the sum of $2500. Appellant demurred to the cross-petition and the demurrer was overruled. Upon a trial the jury returned a verdict for $150 for land actually taken and $1100

as damages to land not taken. Judgment was rendered on the verdict, and an appeal has been prosecuted to this court.

P. C. Haley, J. L. O'Donnell, and T. F. Donovan, for appellant.

C. W. Brown, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

It is first insisted by appellant as a ground of reversal that there is no evidence to sustain the value of $150 placed by the jury upon the land actually taken. The jury did not view the premises and we must look solely to the record for such proof. The appellee called six witnesses to testify to the value of the land taken. They placed its value from $140 to $170. Appellant insists that these amounts take into consideration some element of damage which should not have been considered. We think the fair interpretation to be given to the evidence of these six witnesses is that the land actually taken is alone worth the amount stated by them. While the witnesses for appellant placed the value of the land actually taken at a less figure than did the witnesses for appellee, yet we cannot say that the verdict in this regard is not fairly supported by the evidence.

Appellant offered in evidence a deed from Conrad Andres and wife to the railroad company conveying a strip of land for a right of way through the premises of the grantors, together with an additional strip on which the company was to erect a depot and elevator. A resolution of the board of directors of appellant was also offered adopting a map of the right of way through Will county, showing the location of the depot and elevator on the Andres land, which adjoined the land of appellee. Appellant also sought to show by certain witnesses that by reason of the location of the depot and elevator on the Andres land the land of appellee would be benefited in excess of the damages, by affording

him a closer and better market for his farm products. Objections were sustained to all of this evidence, and the court instructed the jury that in estimating the damages to appellee's land not taken they were not to consider such general benefits, if any, which might be derived from the construction and operation of the road,—meaning by general benefits, those which the land would share in common with others in the same vicinity by making a better market or by affording conveniences for trade and travel. This ruling of the court is assigned as error.

The consideration of this question raises the inquiry as to what are to be treated as general benefits and what as special benefits in such cases. It is conceded by both parties that general benefits cannot be considered against damages, whereas special benefits may, and it is claimed by appellant that the location of a depot and elevator upon land adjacent to that of appellee would constitute such a special benefit as would entitle it to have the damages proportionately reduced. In the case of *Metropolitan West Side Elevated Railway Co.* v. *Stickney,* 150 Ill. 362, we said (p. 382): "Special benefits are such benefits flowing from the proposed public work as appreciably enhance the value of the particular tract of land alleged to be benefited. As already said, the fact that other property in the vicinity is likewise increased in value from the same cause,—that is, also specially benefited by the improvement,—furnishes no excuse for excluding the consideration of special benefits to the particular property in determining whether it has been damaged or not, and if it has, the extent of the depreciation in value. * * * On the one hand, the damages must be real and substantial; on the other, the benefits must be such as affect the market value or use of the land and such as are capable of measurement and computation. Hence, all imaginary and merely speculative damages or benefits are excluded from consideration." This decision is sustained by an unbroken line of authority in this State, and the question therefore is

whether the benefits sought to be proven by appellant were such as were general or special, within the rule there announced.

The alleged benefits were founded upon a deed of conveyance to appellant made by a third party, in which it was agreed to build a certain depot and elevator. Appellee had nothing to do with that deed of conveyance. It was not binding upon him nor could he enforce it, and all benefits which might be assessed against him could be defeated by a quit-claim deed or relinquishment of Andres to appellant.

The court committed no error in its rulings on evidence and instructions to the jury.

We find no reversible error in the record, and the judgment of the county court will be affirmed.

*Judgment affirmed.*